**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DERICK HERNANDEZ,

              Petitioner,

    v.

E. BRADLEY, WARDEN,

              Respondent.

No. 4:20-CV-00328

(Judge Brann)

**MEMORANDUM OPINION**

**DECEMBER 29, 2020**

Presently before the Court is Petitioner Derick Hernandez's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging the calculation and application of jail time credits while he was in the custody of state authorities to his federal sentence.[1]  Respondent submitted an answer,[2] and Petitioner has now filed a letter reply.[3]  For the reasons that follow, the Petition will be denied.

## I.    BACKGROUND

Petitioner is presently incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania; he has a projected release date of July 2, 2034.[4]

---

[1]  Doc. 1.
[2]  Doc. 6.
[3]  Doc. 8.
[4]  Doc. 6.

On April 17, 2013, Petitioner was arrested by state authorities in Nassau County, New York for the state offense of robbery in the third degree.[5]  Petitioner was sentenced on April 25, 2014 in the Nassau County First District Court to a two to six year state term of imprisonment.[6]  On May 8, 2014, Petitioner was transferred to federal custody pursuant to a federal writ of habeas corpus ad prosequendum for prosecution.[7]

Petitioner was then sentenced in the United States District Court for the Eastern District of New York on October 13, 2016 to a 240 month total term of confinement for discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) and conspiracy to distribute at least 280 grams of cocaine base in violation of 21 U.S.C. § 846.[8]  The sentencing court did not order his federal sentence to run concurrently with any other sentence.[9]

On October 17, 2016, Petitioner was returned to custody of the New York state authorities.[10]  Petitioner was then committed to the New York State Department of Corrections (the "NYSDC") on March 2, 2017.[11]  For the purpose of calculating the two to six year state term, NYSDC commenced the sentence on March 2, 2017,

---

[5]   *See* Doc. 6 at 2.
[6]   *Id.*
[7]   *Id.*
[8]   *Id.*
[9]   *Id.* at 2-3.
[10]  *Id.* at 3.
[11]  *Id.*

and applied 1,415 days of jail time credit.[12]  The period of time Petitioner spent in the primary custody of state authorities from April 17, 2013, the date of his arrest by state authorities, through March 1, 2017, the day before his state sentence commenced, equals 1,415 days.[13]  When calculating the state term, the NYSDC converted the 1,415 days of jail time credit to 3 years, 10 months and 20 days.[14]

Petitioner was released by the state authorities via parole-conditional release to the exclusive custody of federal authorities on April 11, 2017.[15]  The Bureau of Prisons ("BOP") then calculated his sentence using various relevant statutes and BOP Program Statements.

First, the BOP determined that his state and federal sentences should run consecutively.  Pursuant to 18 U.S.C. § 3584(a), as referenced in Program Statement 5880.28, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."[16] Notably, as Respondent points out, a sentence imposed for violating § 924(c) is precluded by statute from running concurrently with another sentence.[17]

Next, the BOP determined the day on which Petitioner's federal sentence commences.  Pursuant to 18 U.S.C. § 3585(a), as referenced in Program Statement

---

[12]  *Id.*
[13]  *Id.*
[14]  *Id.*
[15]  *Id.*
[16]  *Id.* at 4.
[17]  *Id.*

5880.28, Sentence Computation Manual, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served.[18]

Finally, the BOP determined whether Petitioner should receive any credit for prior time served in jail or the custody of another authority.  Program Statement 5880.28, Sentence Computation Manual, and 18 U.S.C. § 3585(b) preclude the application of credit for time that has already been credited against another sentence.[19]  Additionally, "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time.  The primary reason for writ custody is not the federal charge.  The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody."[20]  Thus, none of the time Petitioner spent in the primary custody of the State of New York from April 17, 2013 through April 10, 2017 was credible against his federal term of confinement under § 3585(b).[21]

In the sentence computation prepared by the BOP for Petitioner, the BOP determined that his sentence should commence on April 11, 2017, the day he entered federal custody, with one day of prior credit for one day spent in official detention

---

[18]   *Id.*
[19]   *Id.*
[20]   *Id.* at 4-5
[21]   *Id.* at 5.

4

on October 14, 2012.[22]  Based on this calculation, Petitioner is currently scheduled for release from BOP custody via good conduct time on July 2, 2034.[23]

## II.   DISCUSSION

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."[24]  Therefore, this petition is properly brought under 28 U.S.C. § 2241.

Petitioner's argument is that he should receive credit for time spent in state custody from May 8, 2014, through October 13, 2016.  According to Petitioner, he was indicted by state officials on April 15, 2013; he was sentenced for state offenses on April 25, 2014; and he was then released on a writ to federal custody on May 8, 2014, where he remained in federal custody until October 17, 2016.  Petitioner is mistaken, as the declarations and exhibits in support of Respondent's answer make clear.

Where a defendant faces prosecution by both state and federal authorities, the "primary custody" doctrine determines where and how the defendant will serve any resulting sentence of incarceration.[25]  The primary custody doctrine differs from physical custody.  Under the doctrine, the first sovereign to arrest the defendant is

---

[22]   *Id.* at 5.
[23]   *Id.*
[24]   *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).  *See Zayas v. INS*, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241").
[25]   *Taccetta v. Federal Bureau of Prisons*, 606 F. App'x 661, 663 (3d Cir. 2015).

entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign.[26]  A sovereign can relinquish primary custody over the defendant by releasing the defendant on bail, dismissing the charges, or granting parole.[27]  A temporary transfer of a prisoner pursuant to a writ ad prosequendum does not constitute a relinquishment, however.[28]

Here, Petitioner was first in state custody when he was arrested by New York state authorities in Nassau County, New York on April 17, 2013.  He remained in New York state's primary custody while he was sentenced on April 25, 2014 to a two to six year state term of imprisonment.  While he continued to be in the primary custody of New York, Petitioner was transferred to the physical custody of federal authorities pursuant to a writ of habeas corpus ad prosequedum on May 8, 2014 for the prosecution of his federal offenses.  At this time, although Petitioner was in the physical custody of federal authorities, he remained in the primary custody of New York state, which had not yet relinquished him from their custody.  Notably, as detailed *supra*, the production of a person pursuant to a writ of ad prosequedum does not transfer legal custody—only physical custody.

Petitioner was eventually sentenced by the Eastern District of New York on October 13, 2016 to a 240 month term of imprisonment.  After his federal sentencing,

---

[26] *Id.*
[27] *Id.*
[28] *Id.*

Petitioner was transferred back to the physical custody of New York state on October 17, 2016, where he remained in the physical and legal custody of New York until his parole conditional release on April 11, 2017.

Some confusion may have arisen because Petitioner was housed in a federal facility while he was in "state custody."  I note, however, that the time spent in state custody under the primary custody doctrine while physically in a federal facility was credited towards his state sentence.

In addition, Petitioner has no right to receive "double credit" towards his federal sentence for that time since it was already allocated towards his state sentence.  Title 18, section 3585(b) governs prior custody credit and provides, in pertinent part:

> Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.[29]

Here, the prior custody credit was properly awarded to Petitioner's state sentence as New York retained primary custody over Petitioner even when he was in a federal

---

[29]   18 U.S.C. § 3585(b).

detention center, and such credit cannot be awarded towards his consecutive federal sentence under § 3585(b) because it was awarded to his state sentence.

Because the time spend in the federal detention center was properly credited towards his state sentence and because Petitioner has no right for it to also be credited towards his consecutive federal sentence, the petition will be denied.[30]

## III.    CONCLUSION

For the reasons set forth above, the petition will be denied.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[30]  Petitioner indicates in his letter reply that his federal sentencing judge indicated at sentencing that she lacked authority to run his state and federal sentences concurrently.  Petitioner is free to seek a sentencing modification with his sentencing court in the United States District Court for the Eastern District of New York.